Elaine **THOMAS** et al., Plaintiffs,

v.

**FAG BEARINGS CORPORATION, and FAG Kugelfischer Georg Shaefer, KGaA, Defendants.**

No. 92–5070–CV–SW–8.

United States District Court,
W.D. Missouri,
Western Division.

Feb. 18, 1994.

John M. Parisi, Bobbie R. Bailey, Lynn R. Johnson, Shamberg, Johnson, Bergman & Morris, Chartered, Overland Park, KS, Michael A. Gould, Raaji Deen Kanan, Gould & Duchardt, North Kansas City, MO, for Elaine Thomas, Guy Thomas, Earle F. Doman, Dalene Doman, David E. Ross, JoAnn Ross, Michael G. Knapp, D.O., Kathleen A. Knapp.

David Field Oliver, Smith, Gill, Fisher & Butts, Kansas City, MO, Eric S. Aronson, John M. Scagnelli, Whitman & Ransom, Newark, NJ, for FAG Bearings Corp.

William T. Session, The Session Law Firm, Kansas City, MO, for Contract Freighters, Inc., Service Packing Co.

John M. Edgar, Bryan Cave, Kansas City, MO, for Intern. Paper Co.

David R. Erickson, Douglas P. McLeod, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for Midcon Cables Co.

James T. Price, Parthenia B. Evans, Spencer, Fane, Britt & Browne, Kansas City, MO, for Motorola, Inc.

Randall E. Hendricks, Rouse, Hendricks, German, May & Shank, P.C., Kansas City, MO, Carol M. Wood, King & Spalding, Atlanta, GA, for Gulf States Paper Co.

James W. Erwin, Gordon L. Ankney, Thompson & Mitchell, St. Louis, MO, for Pillsbury Co. Inc.

James H. Arneson, Gary R. Cunningham, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, MO, for Vickers Inc.

## ORDER

STEVENS, Chief Judge.

Gulf States Paper Corp., previously a third-party defendant in this case, filed a motion for reconsideration and clarification of the Court's Memorandum Opinion and Order dated February 10, 1994. 846 F.Supp. 1382. Gulf States' motion relates to two issues: FAG Bearings' Rule 45 subpoenas and the Court's statements in the opinion that Gulf States had documented over 100 tons per year of fugitive TCE emissions.

Affidavits submitted by Gulf States reflect that although it had estimated 103.54 tons per year of fugitive emissions, the components of that figure did not include *any* TCE. Accordingly, the Court's statements to the effect that Gulf States was a major emitter of TCE should be corrected to reflect this information.

Gulf States raises two points in relation to the Court's order overruling all objections to FAG Bearings' request to inspect the property of nonparties: first, that the Court erred in interpreting Rule 45 to allow sampling and testing of nonparties' property; and second, that the scope of the subpoenas is overbroad.

For its first point, Gulf States argues that while Rule 45 does allow for the inspection of the property of a nonparty, it was not intended to allow for the testing or sampling of such property. Gulf States' argument, basically, is that the terms "sampling" and "testing" were used in Rule 34 and that their absence in Rule 45 demonstrates an intentional and meaningful omission. Gulf States further argues that Rule 45 should be read to impose a lesser burden on nonparties than on parties.

This Court was a drafter of the revisions to Rule 45 and believes that the application of that rule in the February 10, 1994 Order is consistent with the plain language of the rule and the intent of the drafters.

Gulf States' concerns about the scope of the subpoena should be resolved in accordance with Local Rule 15 M and, if necessary, by Magistrate John T. Maughmer.

Finally, the Court surmises that Gulf States would like this Court to certify the

question of the interpretation of Rule 45 to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). Such a decision is solely within the discretion of the district court. This Court does not think that such an appeal of the question raised here would be appropriate. Accordingly, it is

ORDERED that Gulf States' motion to stay is DENIED. It is further

ORDERED that Gulf States' motion for reconsideration or clarification is GRANTED IN PART and DENIED IN PART in accordance with this opinion. It is further

ORDERED that Gulf States' motion for oral argument is DENIED.